E-FILED
Friday, 13 January, 2017  02:03:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| WILLIAM SOUTHWORTH, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 15-cv-01214 |
| | ) | |
| v. | ) | Hon. Judge Joe Billy McDade |
| | ) | |
| ILLINOIS & MIDLAND RAILROAD, | ) | Magistrate Judge Jonathan E. Hawley |
| INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

### DEFENDANT'S OPPOSITION TO
### PLAINTIFF'S MOTION TO RE-OPEN DISCOVERY

Defendant ILLINOIS & MIDLAND RAILROAD, INC. ("IMRR") is sympathetic to Plaintiff's counsel's situation, but it does not provide good cause to re-open discovery that closed over a month ago on December 1, 2016.[1]  IMRR continues to be prejudiced by the delay, most significantly because it has already expended the resources to draft its motion for summary judgment, which IMRR was preparing to file when Plaintiff filed this motion.  Because Plaintiff's counsel did not take any action to communicate with IMRR's counsel about depositions, or to otherwise advance the case since the unsuccessful settlement conference six months ago – including for over a month after discovery closed – the Court should decline to re-open discovery now.  *See Tompkins v. Cent. Laborers' Pension Fund*, No. 09-CV-4004, 2010 WL 4736264, at *2 (C.D. Ill. Nov. 16, 2010) (McDade, J.) citing *U.S. v.1948 South Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001) (denying motion to take deposition after

---

[1] Plaintiff's request runs afoul of Local Rule 6.1, and FED R. CIV. P. 6(b)(1), which require such a request to be filed <u>before</u> the original deadline (L.R. 6.1), unless a party can show they failed to act because of excusable neglect.

discovery deadline, explaining that the courts have "a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.")

Discovery was originally set to close on July 1, 2016. [ECF #10]. After an unsuccessful settlement conference on July 13, 2016, the parties filed a joint motion asking the Court to extend that deadline to December 1, 2016, which the Court granted on August 9, 2016. [Text Order 8.9.16]. That extension gave Plaintiff nearly four months to take the depositions that Plaintiff's counsel claimed he needed. But since then, Plaintiff did not do a single thing to schedule any depositions. Plaintiff did not notice any depositions, nor did Plaintiff's counsel or anyone in his office contact IMRR's counsel at any time to request depositions, or dates or availability of witnesses.

Instead, it was IMRR's counsel who proactively reached out to Plaintiff's counsel at least five times since August 2015 (two phone calls and three emails) to inquire about whether Plaintiff's counsel intended to take any depositions and to try to work on scheduling. (*See* attached Ex. A.) There was no response from Plaintiff's counsel or his office (including no email out-of-office message). Even given the health situation of Plaintiff's lead counsel, it is not clear why someone from his office did not respond or call or email IMRR's counsel to explain (for example, attorney Ryan McCracken from Plaintiff's counsel's office has been listed in the signature block on all of Plaintiff's filings). IMRR would have worked with Plaintiff's counsel, including by jointly seeking another extension, and would not have invested legal fees in drafting its dispositive motion. In short, no excusable neglect exists.

IMRR has been working diligently to advance the case, including since discovery closed on December 1, 2016 by investing the resources and legal fees necessary to move for summary judgment. IMRR was finalizing that motion in preparation for filing when Plaintiff sought to re-

2

open discovery.  Re-opening discovery would result in a significant waste of IMRR resources, as IMRR would likely be forced to re-draft and revise that motion.

For those reasons, IMRR requests that the Court deny Plaintiff's motion to re-open discovery.  If the Court denies Plaintiff's motion, IMRR also requests that the Court reset the dispositive-motion deadline (currently set for January 13, 2017) to 14 days after the Court rules on the pending motion so that IMRR is not forced to file its dispositive motion without knowing whether Plaintiff will be given a chance to take depositions.  If the Court grants Plaintiff's motion, IMRR requests that the Court set a short deadline (not three more months) to take any relevant depositions,[2] and include in its order that: (1) no further extensions of discovery will be granted to Plaintiff; and (2) discovery is only re-opened for the limited purpose of allowing Plaintiff to take depositions, and for any follow-up discovery IMRR requires as a result of any such depositions.

RESPECTFULLY SUBMITTED,

By: /s/ John L. Hayes
    One of the Attorneys for
    **DEFENDANT ILLINOIS & MIDLAND RAILROAD, INC.**

John L. Hayes
Taylor N. Rollinson
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
(312) 558-1220
*john.hayes@ogletree.com*
*taylor.rollinson@ogletree.com*

---

[2] IMRR reserves the right to contest that the depositions Plaintiff seeks are necessary or appropriate.

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney hereby certifies that on January 13, 2017, she filed the foregoing ***Defendant's Opposition to Plaintiff's Motion to Re-Open Discovery*** electronically with the Clerk of Court using the ECF system, which sent notification of such filing to:

> Richard L. Steagall
> Ryan S. McCracken
> NICOARA & STEAGALL
> 416 Main Street, Suite 815
> Commerce Building
> Peoria, IL  61602-1103

/s/ Taylor N. Rollinson
One of the Attorneys for Defendant

28265632

# EXHIBIT A

| From: | Hayes, John L. <John.Hayes@ogletreedeakins.com> |
|---|---|
| Sent: | Thursday, September 22, 2016 2:35 PM |
| To: | Richard Steagall |
| Subject: | RE: Southworth [ODNSS-OGL.036671.000004] |

Hi Rick — Trying again to reach you to discuss discovery dates.  My calendar is not good for November and December, so I would appreciate trying to get  a schedule in place if you do indeed intend to take any of these depositions.  Please let me know.

Thanks, John

**John L. Hayes | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606 | Telephone: 312-558-1235 | Fax: 312-807-3619
john.hayes@ogletreedeakins.com | www.ogletreedeakins.com | Bio

**From:** Hayes, John L.
**Sent:** Wednesday, September 07, 2016 2:49 PM
**To:** Richard Steagall
**Subject:** RE: Southworth [ODNSS-OGL.036671.000004]

Hi Rick — Do you intend to take any depositions in this case?  I have emailed and called you several times to try to get the schedule lined up but have not heard back from you.  Please advise.

Thanks, John

**John L. Hayes | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606 | Telephone: 312-558-1235 | Fax: 312-807-3619
john.hayes@ogletreedeakins.com | www.ogletreedeakins.com | Bio

**From:** Hayes, John L.
**Sent:** Friday, August 26, 2016 2:29 PM
**To:** Richard Steagall
**Subject:** Southworth [ODNSS-OGL.036671.000004]

Hi Rick — What's the status here?  Do you want to try to schedule your deps?

John

**John L. Hayes | Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300 | Chicago, IL 60606 | Telephone: 312-558-1235 | Fax: 312-807-3619
john.hayes@ogletreedeakins.com | www.ogletreedeakins.com | Bio

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*